Oscar ROJAS–GALVEZ, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 13–73362.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2015.*

Filed Dec. 15, 2015.

Nicholas W. Marchi, Carney & Marchi, PS, Seattle, WA, for Petitioner.

Jessica Dawgert, Trial, Oil, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

MEMORANDUM **

Oscar Rojas–Galvez, a native and citizen of Mexico, petitions for review of the Department of Homeland Security's ("DHS") final administrative removal order finding Rojas–Galvez removable as an alien convicted of an aggravated felony, after conducting an expedited removal proceeding pursuant to 8 U.S.C. § 1228(b). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

violations. *Singh v. Ashcroft*, 367 F.3d 1182, 1185 (9th Cir.2004). We deny the petition for review.

Rojas–Galvez does not challenge DHS's finding that he is removable for having been convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

Rojas–Galvez's due process claims fail, where the record indicates he was advised of his rights but refused to sign the Form I–851, Notice of Intent to Issue a Final Administrative Order, *see Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir.2007) (applying a presumption of regularity regarding the official acts of public officers), and where he is statutorily barred from adjustment of status, *see* 8 U.S.C. § 1228(b)(5) ("No alien described in this section [pertaining to the expedited removal of aliens convicted of aggravated felonies] shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion."); 8 U.S.C. § 1255(a) (adjustment of status is discretionary); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.